**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

In re: THE ROMAN CATHOLIC DIOCESE OF ALBANY, NEW YORK,

Debtor.

1:25-cv-01570 (BKS)

---

HARTFORD ACCIDENT AND INDEMNITY COMPANY and HARTFORD FIRE INSURANCE COMPANY,

Appellants,

v.

OFFICIAL COMMITTEE OF TORT CLAIMANTS,

Appellee.

---

**Appearances:**

*For Appellants:*
James P. Ruggeri
Joshua D. Weinberg
Annettee P. Rolain
Anna Belle Reilly
Ruggeri Parks Weinberg LLP
1875 K Street NW, Suite 800
Washington, DC 20006

Christopher A. Priore
Wilson, Elser, Moskowitz, Edelman & Dicker
200 Great Oakes Boulevard, Suite 228
Albany, NY 12203

*For Appellee:*
Robert T. Kugler
Edwin H. Caldie
Stinson LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402

Timothy W. Burns
Jesse J. Bair
Burns Bair LLP
10 East Doty Street, Suite 600
Madison, WI 53703

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

In this bankruptcy appeal, Appellants Hartford Accident and Indemnity Company and Hartford Fire Insurance Company (collectively, "Hartford")—insurance companies who issued policies to the debtor in the underlying Chapter 11 proceedings—challenged the bankruptcy court's order concluding that they lacked 11 U.S.C. § 1109(b) standing to file objections to the claims of certain creditors represented by Appellee, the Official Committee of Tort Claimants. In a September 29, 2026 decision, this Court reversed the bankruptcy court's order and remanded for further proceedings. (Dkt. No. 40). Presently before the Court is the Committee's motion for 28 U.S.C. § 1292(b) certification to appeal that decision to the U.S. Court of Appeals for the Second Circuit, and for a stay pending appeal. (Dkt. No. 43). The motion is fully briefed. (Dkt. Nos. 43-1, 48, 52). For the reasons that follow, the motion is denied.

## II. DISCUSSION

The Court assumes familiarity with the factual and procedural background, discussing below only those facts necessary to explain its decision.

### A. Interlocutory Appeal Certification

A district court may certify an otherwise non-appealable order for immediate appeal if the order "involves" (1) "a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially

advance the ultimate termination of the litigation."[1] 28 U.S.C. § 1292(b). Although § 1292(b) provides "a means to make an interlocutory appeal available, it is a rare exception to the final judgment rule," reserved only "for those cases where an intermediate appeal may avoid protracted litigation." *See Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865–66 (2d Cir. 1996). Because of strong federal policy disfavoring piecemeal appeals, "use of this certification procedure should be strictly limited" only to "exceptional circumstances." *See In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) (per curiam) (quoting *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 25 (2d Cir. 1990)). It is not "a vehicle to provide early review of difficult rulings." *See German by German v. Fed. Home Loan Mortg. Corp.*, 896 F. Supp. 1385, 1398 (S.D.N.Y. 1995). "[E]ven if the order qualifie[s] for certification," that "decision is entirely a matter of discretion for the district court." *See In re Roman Cath. Diocese of Albany, N.Y., Inc.*, 745 F.3d 30, 36 (2d Cir. 2014); *Delancey v. Wells*, No. 23 Civ. 10357, 2026 WL 3121183, at *2, 2026 U.S. Dist. LEXIS 238334, at *2–3 (S.D.N.Y. Oct. 19, 2026) (citing *Klinghoffer*, 921 F.2d at 24); *Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc.*, 71 F. Supp. 2d 139, 146 (E.D.N.Y. 1999).

Certification is unwarranted here. As an initial matter, under the first § 1292(b) prong, the proposed appeal would not involve "a 'pure' question of law that the reviewing court could decide quickly and cleanly without having to study the record." *See Youngers v. Virtus Inv. Partners Inc.*, 228 F. Supp. 3d 295, 298 (S.D.N.Y. 2017) (quoting *Capitol Records, LLC v. Vimeo, LLC*, 972 F. Supp. 2d 537, 551 (S.D.N.Y. 2013)). The bankruptcy court expressly limited its holding to the facts before it—explaining that, in its view, Hartford had not demonstrated

---

[1] The Committee contends that the September 29 decision is not final and appealable because it "remand[ed] the case to the bankruptcy judge for significant further proceedings." (*See* Dkt. No. 49, at 1–2 (quoting *In re Penn Traffic Co.*, 466 F.3d 75, 78 (2d Cir. 2006) (per curiam))). The Court has issued a ruling on the § 1292(b) certification motion in light of that contention. (*See* Dkt. No. 50). However, the Committee subsequently filed a notice of appeal before the Court could issue a § 1292(b) certification ruling. (Dkt. No. 51).

§ 1109(b) standing at that "point in time," but recognizing "the potential for [Hartford] to gain standing in the future," including through "the impact of a proposed [reorganization] plan or something else." (*See* Bankr. Dkt. No. 2168, at 16). Similarly, this Court explained that its holding would not necessarily apply to "other factual circumstances." (*See* Dkt. No. 40, at 20 n.9). As Hartford points out, (Dkt. No. 48, at 10–11), the debtor has since filed a proposed plan which might alter the analysis concerning Hartford's § 1109(b) standing.[2] (*See* Bankr. Dkt. No. 2814). Thus, an interlocutory appeal would require the Second Circuit to examine whether, under these new factual circumstances, Hartford "has a sufficient stake in [the] reorganization proceedings" to object to the claims. *See Truck Ins. Exch. v. Kaiser Gypsum Co., Inc.*, 602 U.S. 268, 277 (2024). The same factual issues might likewise affect whether Hartford is "directly and adversely affected pecuniarily by" the bankruptcy court's conclusion that it lacks § 1109(b) standing. (Dkt. No. 43-1, at 8 (quoting *In re Congregation Birchos Yosef*, 699 F. App'x 91, 92 (2d Cir. 2017))).

In any event, even were all three § 1292(b) prongs satisfied, the Court would decline certification in its discretion. *See Diocese of Albany*, 745 F.3d at 36. Requiring the Second Circuit to expend judicial resources to examine the bankruptcy court order's pecuniary effect on Hartford, as well as Hartford's past stake in the reorganization proceedings—which may change under the current proposed plan or future ones, and in turn alter the § 1109(b) analysis—would not "advance the interests of sound judicial administration or efficiency." *Cf. Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 631 (2d Cir. 1991). For the same reason, any appeal would not serve to "avoid protracted litigation." *See Koehler*, 101 F.3d at 866. Moreover, the § 1109(b)

---

[2] Although neither party informed the Court, the debtor filed its first proposed plan on September 16, 2026, shortly following oral argument. (Bankr. Dkt. No. 2773). The debtor filed an amended proposed plan on September 30, the day after this Court's decision reversing the bankruptcy court's § 1109(b) standing order. (Bankr. Dkt. No. 2814).

issue may not ultimately be dispositive if the bankruptcy court concludes that Hartford lacks Article III or prudential standing, or if it uses its equitable discretion to preclude Hartford from objecting to the claims. (*See* Bankr. Dkt. No. 2168, at 15–16; *see also* Dkt. No. 40, at 20–21). In light of these circumstances—and the Second Circuit's admonition that "use of th[e] certification procedure should be strictly limited," *see Flor*, 79 F.3d at 284—the Court declines to certify its September 29 decision for appeal under § 1292(b).

### B. Stay Pending Appeal

Having denied § 1292(b) certification, the Court need not address the Committee's request for a stay pending appeal. But because the Committee filed a notice of appeal before the Court's § 1292(b) ruling, the Court notes that, were its September 29 decision appealable, it would deny that request. "A stay is an exercise of judicial discretion," and the movant "bears the burden of showing that the circumstances justify an exercise of the Court's discretion." *Öztürk v. Hyde*, 136 F.4th 382, 390 (2d Cir. 2025) (citation modified). Here, the Committee has failed to meet its burden as to the two "most critical" stay factors: "a strong showing that [it] is likely to succeed on the merits," and a demonstration of irreparable injury "absent a stay." *See Nken v. Holder*, 556 U.S. 418, 434 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

## III. CONCLUSION

For these reasons, it is hereby

**ORDERED** that the Committee's motion for 28 U.S.C. § 1292(b) certification and a stay pending appeal (Dkt. No. 43) is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 16, 2026
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge